IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 13-CR-30150-MJR |
| vs. | ) | |
| | ) | |
| JERROD JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION OF FACTS

Plaintiff and Defendant hereby agree and stipulate as follows:

1. On May 22, 2013, law enforcement agents executed a state arrest warrant for Defendant at Defendant's home in St. Clair County, Illinois.

2. In executing the warrant, the agents conducted a protective search of the home and found marijuana near the shoes of the Defendant, which were located on the floor in front of the sofa in the living room of the home. Agents also found a firearm under one of the cushions of the sofa, just above the Defendant's shoes.

3. Agents also located additional marijuana in Defendant's bedroom.

4. The total amount of marijuana recovered by the agents was 84 grams. Defendant knowingly possessed the 84 grams of marijuana and intended to distribute it.

5. The firearm recovered by the agents was the firearm referenced in the Superseding Indictment – i.e., a Para Ordinance P-12-45, .45 caliber pistol, bearing serial number RK5330. This firearm had been manufactured outside the state of Illinois and had therefore traveled in interstate commerce prior to Defendant's possession of it. The firearm was in working order, and was capable of firing a projectile by action of explosive. The firearm was loaded with a

1

magazine holding 14 rounds of .45 caliber ammunition, the maximum number that the magazine could accept.

6. Defendant knowingly possessed the firearm on May 22, 2013.

7. Defendant was convicted of a felony, punishable by more than one year imprisonment-- namely, Unlawful Delivery of a Controlled Substance, in violation of Illinois Compiled Statutes, Chapter 720, Section 570/402(c), in St. Clair County, Illinois, Case No. 06-CF-1537, on or about February 12, 2007.

8. In a post-arrest statement to the officers on May 22, 2013, Defendant stated that he had been distributing crack cocaine, in rock form, since 2007, at the rate of about one-quarter ounce per day. The six-year period of May 22, 2007, through May 22, 2013, represents 2190 days. However, Defendant was imprisoned (on Case No. 07-CF-1244) between August 14, 2008, and February 2, 2009 – a total of 172 days. Subtracting 172 from 2190 leaves 2018 days. Multiplying 2018 by ¼ ounce per day = 504.5 oz. The conversion from ounces to grams is as follows: 504.5 x 26.35 = 13,293.585 grams = 13.293 kg. Therefore, Defendant's relevant conduct includes distribution of approximately 13.293 kilograms of cocaine base, in the form commonly known as crack cocaine.

9. If distribution is only measured from the time between Defendant's release on February 2, 2009, the calculation would be as follows:

2/2/09 – 5/22/13 = 1507 days

1507 days x ¼ oz. = 376.75 oz.

376.75 x 26.35 = 9927.36 grams = 9.9 kg.

2

10. Either calculation results in relevant conduct of more than 8.4 kilograms, the floor for Base Offense Level 38. Defendant's possession with intent to distribute 84 grams of marijuana on May 22, 2013, does not affect the Base Offense Level.

STEPHEN R. WIGGINTON
United States Attorney

_____
JERROD JONES
Defendant

_____
STEPHEN B. CLARK
Assistant United States Attorney

_____
~~ETHAN SKAGGS~~
Attorney for Defendant

Date: 1-14-15

Date: 1-14-15