IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CR-30150-SMY |
| | ) |
| JERROD F. JONES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Jerrod F. Jones' *pro se* Motion for Compassionate Relief (Doc. 75). Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must first request that the BOP file a motion seeking the same. *Id*. If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest. *Id*.

Jones asserts that he sought compassionate release from the Warden at the U.S. Medical Center for Federal Prisoners, Springfield, Missouri on June 3, 2020 and received a response denying his request on June 30, 2020. He appealed the decision using form BP-9 but that appeal was denied on July 14, 2020. However, there is no suggestion in the record that he appealed to the Regional Director of the Bureau of Prisons, which is required to fully exhaust his administrative remedies. The exhaustion requirement is mandatory – Jones must fully exhaust his administrative remedies before filing suit. *United States v. Alam*, 960 F.3d 831, 833-4 (6th Cir. 2020); *United*

*States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (Noting that the failure to exhaust "presents a glaring roadblock foreclosing compassionate release."); *United States v. Elion*, 2020 WL 4284354 (S.D. Ill. 2020).

Accordingly, Defendant's *pro se* Motion for Compassionate Relief (Doc. 75) is **DENIED without prejudice.** Should he choose to do so, Defendant may refile his motion once he has exhausted his administrative remedies.

**IT IS SO ORDERED.**

**DATED: October 14, 2020**

**STACI M. YANDLE
United States District Judge**